SAMUEL CARR, EXECUTOR OF FREEBORN F. RAYMOND,
v. EDWARD I. EDWARDS, COMPTROLLER.

Argued March 4, 1913—Decided June 18, 1913.

1. The legislature by the Transfer Tax act of 1909 (*Pamph. L., p.* 325) meant to reach all transfers from a decedent to his successors, whether they succeeded to the whole estate as a universal succession, or to the estate in New Jersey as a universal succession of the New Jersey executor or administrator, or the singular succession of a devisee or legatee.
2. The Transfer Tax act of 1909 (*Pamph. L., p.* 325) imposes a tax upon the special right given by the New Jersey law in case of a non-resident decedent, to his executor or administrator to succeed to the property having its *situs* in New Jersey.

---

On appeal from the Supreme Court.

An inheritance tax was imposed upon the estate of Raymond, who was at the time of his death in 1910 domiciled in Massachusetts, and owned stocks in New Jersey corporations. Some of his legatees were of the class subject to tax.

For the plaintiff in error, *Edward A. Day* (*Edward A. & William T. Day* on the brief).

For the defendant in error, *Edmund Wilson*, attorney-general (*Theodore Backes* on the brief).

The opinion of the court was delivered by

SWAYZE, J.    This case involves the construction of the Transfer Tax act of 1909.  *Pamph. L., p.* 325.  *Sawler* v. *Shoenthal,* 54 *Vroom* 499, arose under the act of 1906 with title as amended in 1909.  The provisions of the two acts applicable to the ·present case do not differ materially and the question now raised was necessarily involved in that case. It was not argued or dealt with because the court and probably the counsel supposed it had been decided in effect by our opinion in *Dixon* v. *Russsll,* 50 *Id.* 490.  We there held that the act of 1906 attempted to impose a transfer tax and that this object was not indicated by its title.  In the present case counsel have argued most forcibly that the act of 1909 ought not to be construed as imposing a transfer tax, and we have, notwithstanding our former opinions, given the subject the renewed consideration that its importance merits, but without reaching a different result.  It is plain that the legislature meant by the act of 1909 to reach all transfers from a decedent to his successors, whether they succeeded to the whole estate as a universal succession, or to the estate in New Jersey as a universal succession of the New Jersey executor or administrator, or the singular succession of a devisee or legatee.  The language of the first section is broad. So far as we are now concerned, it imposes a tax upon the transfer of any property of the value of $500 or over when the transfer is, by will or intestate law, of property within the state, and the decedent was a non-resident at the time of his death.  We had in *Neilson* v. *Russell,* 47 *Id.* 655, just prior to the passage of the act of 1909, held that a legacy under a non-resident's will was not taxable here because, among other reasons, it depended for its validity and amount upon the law of the testator's domicile.  We said that the justification of special taxes of this character imposed without regard to ˙ the limitation contained in our constitution upon property taxes, was found in the fact that. the rights of testamentary disposition and of succession were creatures of law upon the exercise and operation of which the lawmaker might impose terms, and that it followed logically that the only law that

could impose the terms was the law that created the right. The only special right given by the New Jersey law in case of a non-resident decedent is the right of an executor or administrator to succeed to the property having its *situs* in New Jersey. Unless, therefore, the legislature meant by the act of 1909 to tax this right—the transfer by grace of our law of the property having its *situs* here from the decedent to his representative—its enactment was futile as far as the estates of non-residents are concerned. We cannot attribute such futility to a legislative act. The intent apparent on its face was to overcome the effect of our decision in Neilson *v.* Russell, which we must assume, as the fact undoubtedly was, the legislature had in mind. If the statutory definitions of "estate" and "property" in section 26, conflict with this construction, they are not applicable. Section 26 expressly excepts from the statutory definition those parts of the act where the subject or context is repugnant to the definitions. The exception proves that the legislature did not mean the definitions to be of universal application throughout the statute. The subsequent reference in the same section to the meaning of the word "transfer" does not limit the meaning we have attributed to that word in the first section. On this subject section 26 enacts only that the word "transfer" shall be taken to include the passing of property by distribution by statute, descent, devise, bequest, grant, deed, bargain, sale or gift, but there is nothing to indicate that this was meant to be an exhaustive definition, or that it was intended to exclude the more ordinary and usual signification of the word.

No greater difficulty is presented by section 12. That section contains nothing to indicate that it is not the succession of the New Jersey representative that is meant to be taxed. It is true that the tax is not necessarily five per cent. upon the whole New Jersey succession. The amount depends on the ratio of the New Jersey property to the entire estate wherever situated. This, however, merely affords a measure of the tax imposed; the tax is still by the very words of the section imposed upon the property located within this state.

The reason for adopting this provision was to make sure that the rate of taxation in case of non-resident decedents should equal but not exceed the rate imposed in the case of resident decedents. By section 1 property passing to certain classes of legatees or devisees was exempt. The act in this section makes a distinction between the "transfer" and the "passing of property." Transfer as far as concerns personal property connotes the immediate fiduciary succession of the executor or administrator; the passing of property connotes the ultimate beneficial succession of the legatee or devisee. So in section 12 a distinction is made between the transfer of property in this state, and the passing of the estate wherever situate. The object and the effect of section 12 was to equalize the rate of the transfer tax as between the estates of resident and of non-resident decedents. This determination of the rate of taxation by the ultimate beneficial succession to the property, did not, however, change the nature of the tax from a transfer tax to a legacy duty. Nor does the fact that by section 7 the administrator, executor or trustee is authorized to deduct the tax, change its character. Section 7 does not merely authorize the deduction of the tax from the legacy or its collection from the legatee. The legislature was careful to add authority to deduct the tax not only from a legacy but also from "property for distribution," and to collect it not only from the legatee but from "persons entitled to such property." The authority to deduct from a legacy or to collect from a legatee could refer only to estates of resident decedents, for it is only in the case of such estates that the amount or validity of the legacy can be determined by New Jersey law. *Neilson* v. *Russell, supra.* In the case of the estates of non-resident decedents, it is open for the law of the domicile to provide, as testators sometimes do, that such taxes shall be a general charge against the estate. Our legislature must be assumed to have had in mind its lack of jurisdiction over legacies under a non-resident's will, and in order to protect the New Jersey executor, administrator or trustee who paid the tax, authorized its deduction from "property for distribution." This phrase suffices to reach not only a dis-

tributive share of a resident's estate in case of intestacy, but the whole of the New Jersey property of a non-resident when turned over to the executor or administrator at the domicile of the decedent. The provision for both cases—legacies and property for distribution—demonstrates that the legislature did not mean to provide, as counsel contends, for a legacy duty only.

We think the tax in this case was rightly imposed and the judgment of the Supreme Court is affirmed with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEP-PENHEIMER, JJ. 14.

*For reversal*—None.