## FREDERICK W. SENFF ET AL., EXECUTORS, v. EDWARD I. EDWARDS, COMPTROLLER.

Submitted July 10, 1913—Decided November 28, 1913.

Under section 12 of the Transfer Tax act, stocks of New Jersey corporations are subject to a transfer tax payable to the state on the transfer thereof by a foreign executor or administrator, although the ultimate distribution of the estate is subject to a contingent remainder.

On *certiorari.*

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutors, *Conover English.*

For the defendant, *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

SWAYZE, J.· The prosecutor seeks to set aside a transfer tax imposed under the act of 1909. *Comp. Stat., p.* 5301. The decedent was a resident of New York. By his will he gave all his estate to his wife for her life, and after her death to his issue then living. In the event of no issue surviving his wife, he gave his estate on her decease to his brother and sister then living and to the issue of such as had previously died leaving issue. His sister died before him, leaving children and grandchildren. He owned stocks in New Jersey corporations and the comptroller refuses to consent to a transfer of the stocks because of the failure to pay or compromise a transfer tax calculated upon the value of the portion of the estate that remains after deducting the value of the widow's life right and the value of the brother's interest. The prosecutor insists that no tax is now due and payable, and that the estate is not liable to a tax.

Section 1 of the Transfer Tax act (*Comp. Stat., p.* 5301) imposes a tax upon the transfer of any property, real or personal, of the value of $500 or over when the transfer is by will or intestate law of property within the state, and the decedent was a non-resident of the state at the time of his death. It would be difficult to use clearer language. The Court of Errors and Appeals has recently said that the legislature meant to reach all transfers from a decedent to his successors, whether they succeeded to the whole estate as a universal succession, or to the estate in New Jersey, as a universal succession of the New Jersey executor or administrator, or the singular succession of a devisee or legatee. *Carr* v. *Edwards,* 55 *Vroom* 667. The prosecutor argues, however, that the rights of the testator's nephews and nieces,

grandnephews and grandnieces are contingent upon their surviving the widow, so that perhaps the testator's brother may eventually inherit the whole estate, in which event it would be exempt from the transfer tax; and that if the legacy is not contingent, nevertheless no tax is payable until the remaindermen become entitled to the actual enjoyment of the property. Upon these premises he argues that the estate is not liable to tax, and that the comptroller has, therefore, no right under section 12 to refuse his consent to the transfer of the New Jersey stocks.

If this contention prevails, the transfer tax imposed on all transfers by section 1 will become impossible of collection so far as it is imposed on estates in remainder, since the foreign executor would be enabled to dispose of the New Jersey stock or obligations and withdraw all assets from our jurisdiction. Section 12 was intended to prevent that result and to secure the payment to the state of the transfer tax. This object ought not to be frustrated unless the language of the act compels us to that result. The language of the act is far from compelling us to that result; on the contrary it uses apt language to effectuate the legislative intent. If section 12 stood alone, it could not be successfully contended that the tax on stocks of New Jersey corporations was not presently payable. The express words of the section are that "the tax shall be paid to the treasurer of this state on the transfer thereof." If any difficulty arises by reason of the language of sections 2 and 3 upon which counsel for the prosecutor relies, it disappears when we reflect that those sections are dealing with the tax upon the singular successions of the legatees and devisees. Section 12 is dealing with the succession of the foreign executor to New Jersey property. The words of section 12, "liable to any such tax," do not point to the tax imposed under sections 2 and 3 but to the transfer tax imposed under section 1. It was entirely competent for the legislature to impose this tax and make it immediately payable by a foreign executor seeking to transfer New Jersey stocks. This state was not bound to permit a foreign executor to succeed to New Jersey property; we might impose such

limitations as we chose, and it was quite proper to require immediate payment as a condition precedent even though there was no similar requirement in the case of a resident executor. The distinction is justified by our control of our own citizens and our lack of control of foreigners.

The proceedings are affirmed, with costs.